JULIUS GROSS *vs.* CHARLES DILLER.

June 9, 1885.

Pleading—Immaterial Issue.—The issue of warranty in this case considered an immaterial one, being irrelevant to the real cause of action in issue.

Receipt Held not a Release.—In an action to recover an unpaid balance upon an alleged contract for the payment of money, the defendant relied upon the following instrument as a *release* of the obligation in suit:

"ST. PAUL, July 21, 1884.

"Received this day of Charles Diller the sum of fifty dollars, in settlement for horse to this date.          JULIUS GROSS. [Seal.]"

The above instrument construed as a mere receipt for the money paid, but not as expressing a *release* of the remainder of the debt.

Practice—Charge to Jury—Error without Prejudice.—Error in submitting to the jury the determination as to whether the instrument was intended as a release did not prejudice the defendant, against whom the verdict went, since the result of a legal construction of the instrument would have been the same.

Appeal by defendant from a judgment of the municipal court of St. Paul.

<i>Goforth & Roberts,</i> for appellant.

<i>Mainzer & Propping,</i> for respondent.

DICKINSON, J.   The averments of the pleadings are in substance as follows:   The complaint alleges the sale of a horse by the defendant to the plaintiff for the price of $165, of which $100 was paid down; that the defendant warranted the horse, and that the animal was not as warranted; the return of the property to the defendant, who received and retained it, and repaid to the plaintiff, by an order on one Faber, which plaintiff accepted, $50 of the purchase price paid; and a promise to repay the remainder thereof, $50, the recovery of which is demanded.   The answer, denying the warranty and breach, admits the sale to the plaintiff, and the return of the horse to the defendant; alleging, however, the agreement to have been that defendant should have back the horse, and should pay to the plaintiff $50, and release the plaintiff from the payment of the unpaid $65 of the original purchase price.   The making of this agreed payment is alleged, (by the order for $50,) and a release, under seal, of all further cause of action is pleaded.

It will be seen that there was no issue as to the fact of the original sale, nor that there had been a new contract by which the horse had been retransferred to the vendor, and that the real issue, apart from the alleged release, was whether this contract was for the repayment to the plaintiff of the $100 which he had paid, or only of $50.   The action is not for a breach of warranty, and the formal issue as to a warranty and the breach of it was entirely immaterial.   The determination of that issue either way could not in any manner affect the right of recovery upon the new contract.   Therefore, while much of the case and of the argument here is devoted to that subject, we do not consider it.

The evidence sustains the plaintiff's averment that the contract was for the repayment of $100,—$50 in addition to the order on Faber for a like amount,—and the verdict should not be disturbed unless the defence of a release is sustained by the proof.   The instrument pleaded as having the effect of a release is as follows:

"ST. PAUL, July 21, 1884.

"Received this day of Charles Diller the sum of fifty ($50) dollars, in settlement for horse to this date.      JULIUS GROSS.  [Seal.]"

The legal effect of this instrument as barring a recovery is to be considered upon the assumption that the defendant had become legally obligated to pay $50 in addition to that the receipt of which is here acknowledged. This *instrument* cannot have the effect to extinguish the legal liability not shown to have been otherwise discharged, and operate as an estoppel, unless it is to be construed as expressing such release or extinguishment. If so expressed, the consideration will be implied from the seal. But such is not the import of the writing. Upon its face it is an acknowledgment of the payment of the specific sum named, and which was in fact paid by the order on Faber. It does not declare the satisfaction, release, or extinguishment of any other obligation than that which was discharged by this payment. We think the court properly refused to declare it to be effectual as a release of the cause of action shown in the complaint. If it be assumed, as the appellant claims was the case, that the court submitted to the jury, to be determined from the circumstances of the case, the question as to whether the parties intended by this instrument to release the debt sued for, we should deem this to be error; but it could not avail the defendant, since the instrument must be legally construed as being ineffectual as a release. The jury having determined the fact in accordance with what the law declares in the premises, no prejudice has resulted.

Judgment affirmed.